CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAULO GARCIA and ALFREDO MORALES, on behalf     :     Case No. 17CV6964
of themselves and others similarly situated,    :
                                                :
                            Plaintiffs,         :     FLSA
                                                :     COLLECTIVE
        -against-                               :     ACTION and RULE
                                                :     23 CLASS ACTION
SUGIO, LLC d/b/a SUSHI OF GARI 46,              :     COMPLAINT
MASATOSHI SUGIO, JOHN DOE,                      :
and JANE DOE,                                   :
                                                :     **Jury Trial**
                            Defendants.         :     **Demanded**
------------------------------------------------------------------------X

    Plaintiffs PAULO GARCIA and ALFREDO MORALES ("Plaintiffs"), on behalf

of themselves and other similarly situated employees, by and through their undersigned

attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants SUGIO, LLC

d/b/a SUSHI OF GARI 46 ("SUSHI OF GARI"), MASATOSHI SUGIO, JOHN DOE,

and JANE DOE (collectively referred to herein as the "Individual Defendants") (SUSHI

OF GARI and the Individual Defendants are collectively referred to herein as the

"Defendants"), and state as follows:

## INTRODUCTION

    1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from the

Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, (d) misappropriated tips, (e) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff, PUALO GARCIA, is a resident of Bronx County, New York.

6.     Plaintiff, ALFREDO MORALES, is a resident of Kings County, New York.

7.      Defendant, SUSHI OF GARI, is a foreign limited liability company organized under the laws of the State of Delaware, with a principal place of business at 347 West 46th Street, New York, New York 10036.

8.      Defendant, SUSHI OF GARI, is authorized to and does engage in a substantial amount of business within the State of New York.

9.      Defendant, SUSHI OF GARI, owns and operates a Japanese restaurant, known as "Sushi of Gari 46," located at 347 West 46th Street, New York, New York 10036 (hereinafter, the "Restaurant").

10.     Upon information and belief, defendant, SUSHI OF GARI, also owns and operates a restaurant known as "Sushi of Gari/Upper East Side," located at 402 East 78th Street, New York, New York 10075.

11.     Defendant, MASATOSHI ("GARI") SUGIO, is the owner, director, supervisor, managing agent, and proprietor of SUSHI OF GARI, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with SUSHI OF GARI.

12.     Defendant, MASATOSHI SUGIO, owns and operates several Japanese restaurants doing business under the "Sushi of Gari" trade name including: "Gari Columbus," located at 370 Columbus Avenue, New York, New York 10024; "Sushi of Gari Tribeca," located at 130 West Broadway, New York, New York 10013; and "Sushi

of Gari Hollywood," located at 6201 Hollywood Boulevard, Los Angeles, California 90028

13.     Defendants JOHN DOE, known as "Hiro," and JANE DOE, known as "Katina," have been the managers/supervisors of the Restaurant, who actively participated in the day-to-day operation of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with SUSHI OF GARI and MASATOSHI SUGIO.

14.     The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) maintain employment records.

15.     At least within the three (3) most recent years relevant to the allegations herein, SUSHI OF GARI was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16.     In addition to in-house dining services, Defendants also provide daily *a la carte* lunch and dinner menus for door-to-door delivery that is made upon request. Upon information and belief, customers have the option of submitting their *a la carte* food

4

order online through use of seamlessweb.com ("seamless web") and grubhub.com ("grub hub"), whereupon Defendants receive the customer's order electronically and proceed to prepare the food order and provide delivery to the customer's residence or place of business.

17. Defendants employed Plaintiff, PAULO (a/k/a "Pablo") GARCIA, to work as a non-exempt food delivery worker and assistant busboy for the Restaurant from in or about February 2009 until on or about June 30, 2017.

18. Defendants employed Plaintiff, ALFREDO MORALES, to work as a non-exempt food delivery worker at the Restaurant from on or about February 8, 2011 until on or about July 29, 2017.

19. The work performed by Plaintiffs was essential to the business operated by Defendants.

20. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

21. Defendants knowingly and willfully failed to pay Plaintiff, PAULO GARCIA, his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

22. Defendants knowingly and willfully failed to pay Plaintiff, PAULO GARCIA, his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

23. Defendants knowingly and willfully misappropriated and/or withheld a portion of Plaintiff's tips in direct contravention of federal and state law.

24.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

25.     Defendant MASATOSHI SUGIO hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

26.     Defendant MASATOSHI SUGIO hired defendant, JOHN DOE, known as "Hiro," and JANE DOE, known as "Katina," to work as managers/supervisors of the Restaurant, and were Plaintiffs' direct supervisors. Through authority granted to them by Mr. Sugio, those individuals were/are primarily in charge of running the day to day operation of the Restaurant, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

27.     Defendant MASATOSHI SUGIO himself also actively participates in the day-to-day operation of the Restaurant. For instance, Mr. Sugio personally supervises and directs the work of the employees, including the managers who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

28.     Although defendant MASATOSHI SUGIO provides managers and supervisors with some authority to effectively run the day-to-day operation of the Restaurant, including the hiring and firing of employees, Mr. Sugio creates, implements, and approves all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

29.     In or about February 2009, Defendants hired Plaintiff, PAULO GARCIA, to work as a non-exempt food delivery worker and assistant busboy at the Restaurant.

30.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credit rate of pay, and corresponding overtime rate of pay.

31.     Plaintiff continuously worked for Defendants in those capacities until on or about June 30, 2017.

32.     Plaintiff worked over forty (40) hours per week.

33.     From the beginning of the relevant six (6) year limitations period in September 2011 and continuing through in or about July 2014, Plaintiff worked six (6) days per week, and his work schedule consisted of a split-shift Monday through Friday from 12:00 p.m. until 2:30 p.m., and 5:00 p.m. until 11:00 p.m. (and sometimes in excess thereof); and a single shift on Sunday from 5:00 p.m. until 10:00 p.m. (and sometimes in excess thereof).

34.     During this period, Plaintiff was not required to punch a time clock.

35.     From the beginning of the relevant six (6) year limitations period in September 2011 and continuing through in or about December 2011, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $330 per week straight time for all hours worked, and worked forty-seven and one-half (47½) hours per week (and sometimes in excess thereof). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

7

36.     Beginning in or about January 2012 and continuing through in or about July 2014, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the incorrect and unlawful rate of $5 per hour for the first forty (40) hours per week. For the seven one-half (7½) hours of overtime per week (and sometimes in excess thereof), Defendants paid Plaintiff at the incorrect and unlawful overtime rate of $8.63 per hour as opposed to time and one-half the statutory minimum wage as required by state and federal law.

37.     Beginning in or about August 2014 and continuing through the remainder of his employment on or about June 30, 2017, Plaintiff worked six (6) days per week, and his work schedule consisted of a split-shift Monday through Friday from 12:00 p.m. until 2:30 p.m., and 5:00 p.m. until 10:00 p.m. (and sometimes in excess thereof); and a single shift on Sunday from 5:00 p.m. until 10:00 p.m. (and sometimes in excess thereof).

38.     At this time, Defendants required Plaintiff to punch a time clock.

39.     Beginning in or about August 2014 and continuing through in or about May 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the incorrect and unlawful rate of $5.65 per hour for the first forty (40) hours of work each week. For the two and one-half (2½) (and sometimes in excess thereof) hours of overtime each week, Defendants paid Plaintiff at the incorrect and unlawful rate of $9.65 per hour as opposed to time and one-half the statutory minimum wage as required by state and federal law.

40.     Beginning in or about June 2015 and continuing through in or about May 2016, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the incorrect and unlawful rate of $6.50 per hour for the

8

first forty (40) hours of work each week. For the two and one-half (2½) (and sometimes in excess thereof) hours of overtime each week, Defendants paid Plaintiff at the incorrect overtime rate of $10.88 per hour as opposed to time and one-half the statutory minimum wage as required by state and federal law.

41.     Beginning in or about June 2016 and continuing through in or about December 2016, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the incorrect and unlawful rate of $7.50 per hour for the first forty (40) hours of work each week. For the two and one-half (2½) (and sometimes in excess thereof) hours of overtime each week, Defendants paid Plaintiff at the incorrect and unlawful overtime rate of $12 per hour as opposed to time and one-half the statutory minimum wage as required by state and federal law.

42.     Beginning in or about January 2017 and continuing through the remainder of his employment on or about June 30, 2017, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the incorrect and unlawful rate of $8.35 per hour for the first forty (40) hour of work each week. For the two and one-half (2½) (and sometimes in excess thereof) hours of overtime each week, Defendants paid Plaintiff at the incorrect overtime rate of $12.85 per hour as opposed to time and one-half the statutory minimum wage as required by state and federal law.

43.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with proper wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

9

44.     In addition to failing to pay Plaintiff his lawful wages, Defendants misappropriated and/or withheld from Plaintiff tips associated with credit card payments made on food delivery orders made through seamless web and grub hub.   More specifically, Defendants deducted an improper and unlawfully excessive 15% from Plaintiff's credit card tips for each delivery made and paid for by credit card through seamless web and grub hub under the guise of a credit card processing fee.

45.     On or about February 8, 2011, Defendants hired Plaintiff, ALFREDO MORALES, to work as a non-exempt food delivery worker at the Restaurant.

46.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, tip credit rate of pay, and corresponding overtime rate of pay.

47.     Plaintiff continuously worked for Defendants in that capacity until on or about July 29, 2017.

48.     From the beginning of the relevant six (6) year limitations period in September 2011 and continuing through in or about July 2014, Plaintiff worked five (5) days per week, and his work schedule consisted of a single shift Monday through Thursday from 5:00 p.m. until 11:00 p.m. (and sometimes in excess thereof); and a single shift on Saturday from 5:00 p.m. until 10:00 p.m. (and sometimes in excess thereof).

49.     During this period, Plaintiff was not required to punch a time clock.

50.     During this period, Plaintiff was not paid proper minimum wages. Plaintiff was paid at the incorrect and unlawful rate of $5 per hour for all hours worked, and worked twenty-nine (29) hours per week (and sometimes in excess thereof).

10

51.     Beginning in or about August 2014 and continuing through the remainder of his employment on or about July 29, 2017, Plaintiff worked five (5) days per week, and his work schedule consisted of a single shift from 5:00 p.m. until 10:00 p.m. (and sometimes in excess thereof).

52.     At this time, Defendants required that Plaintiff to punch a time clock.

53.     During this period, Plaintiff was not paid proper minimum wages. Plaintiff was paid at the incorrect and unlawful rate of $7.50 per hour for all hours worked, and worked twenty-five (25) hours per week (and sometimes in excess thereof).

54.     Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with proper wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

55.     In addition to failing to pay Plaintiff his lawful wages, Defendants misappropriated and/or withheld from Plaintiff tips associated with credit card payments made on food delivery orders made through seamless web and grub hub.   More specifically, Defendants deducted an improper and unlawfully excessive 15% from Plaintiff's credit card tips for each delivery made and paid for by credit card through seamless web and grub hub under the guise of a credit card processing fee.

56.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiffs, that Defendants were taking a "tip credit," (ii) failed to provide proper wage statements informing tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment period, and (iii) failed to permit their tipped employees, including Plaintiffs, to keep all of their tips, thereby rendering the "tip credit" inapplicable.

11

57.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

58.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff, PAULO GARICA, and other similarly situated employees, either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

59.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff, PAULO GARCIA, and other similarly situated employees, "spread of hours" premiums for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

60.     Defendants knowingly and willfully operate their business with a policy of misappropriating tips from Plaintiffs and other similarly situated employees, in direct violation of federal and state law.

61.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt tipped employees who have been or were employed by Defendants since September 13, 2014 through the end of

12

the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

63.    The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

64.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

65.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

13

66.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

67.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

> a.     Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;
>
> b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;
>
> c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.     Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages;
>
> e.     Whether Defendants misappropriated tips from Plaintiffs and the Collective Action Members;

14

f.   Whether Defendants are entitled to pay Plaintiffs and the Collective Action Members by the tip credit minimum wage;

g.   Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

h.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

i.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

68.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

69.   Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

**CLASS ACTION ALLEGATIONS**

70.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

71.   Plaintiffs bring their New York Labor Law claims on behalf of all tipped employees who were employed by Defendants at any time since September 13, 2011 (the "Class Period") who were non-exempt tipped employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime

15

compensation, "spread of hours" premium, and/or who had their tips misappropriated in violation of the New York Labor Law (the "Class").

72.     The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

73.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

74.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

75.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

76.     Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and

16

Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

77.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

78.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

79.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

>    a.    Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

>    b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

>    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

>    d.    Whether Defendants failed to pay Plaintiffs and the Class members statutory minimum wages;

e. Whether Defendants misappropriated tips from Plaintiffs and the Class members;

f. Whether Defendants are entitled to pay Plaintiff and the Class members at the tip credit minimum wage;

g. Whether Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h. Whether Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

i. Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

j. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

80. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "79" of this Complaint as if fully set forth herein.

18

81.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

82.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

83.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, SUSHI OF GARI, has had gross revenues in excess of $500,000.

84.     Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

85.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

86.     Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

87.     Plaintiff, PAULO GARCIA, and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

88.     Defendants failed to pay Plaintiff, PAULO GARCIA, and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

19

89.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, PAULO GARCIA, and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

90.     The FLSA mandates that wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the FLSA will not be met where the employee kicks-back directly or indirectly to the employer the whole or part of the wage delivered to the employee. 29 C.F.R. § 531.35.

91.     Defendants knowingly and willfully violated the FLSA by misappropriating tips from Plaintiffs and the Collective Action Members.

92.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

93.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

94.  Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

95.  As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

96.  Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

97.  Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

98.  Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "97" of this Complaint as if fully set forth herein.

99.  Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

100.  Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

101.  Defendants knowingly and willfully violated the rights of Plaintiff, PAULO GARCIA, and the Class members by failing to pay Plaintiff, PAULO GARCIA

and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

102.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

103.    Defendants knowingly and willfully violated the rights of Plaintiff, PAULO GARCIA and the Class members by failing to pay "spread of hours" premium to Plaintiff, PAULO GARCIA and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

104.    The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes. N.Y. Lab. Law § 193.

105.    The New York Labor Law also prohibits employers from receiving "kickbacks" from their employees. N.Y. Lab. Law § 198-b.

106.    Defendants regularly obtained kickbacks from their employees by retaining tips from Plaintiffs and Class members, in violation of the New York Labor Law. N.Y. Lab. Law §§ 196-d, 198.

107.    Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

108.    Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

22

109.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

110.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

111.     Neither at the time of their hiring, nor annually thereafter, did Defendants notify Plaintiffs and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

112.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, misappropriated tips, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

113.     Plaintiffs and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs PAULO GARCIA and ALFREDO MORALES, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of misappropriated tips under federal and state law;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, "spread of hours" premium, and tips pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)     An award of statutory damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(h)     An award of prejudgment and post-judgment interest;

(i)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(j)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
       September 13, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
     Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, Paulo Garcia _____, am an employee currently or formerly employed by Sushi of Gari 46 _____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____ , 2017

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Alfredo Morales_____, am an employee currently or

formerly employed by _Sushi of Gari 46_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____8/31_____, 2017