UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PAULO GARCIA and ALFREDO MORALES, on behalf  :    Case No. 17-CV-6964
of themselves and others similarly situated,       :    (KPF) (KNF)
                                          :
                  Plaintiffs,          :
                                            :
    -against-                        :
                                            :
SUGIO, LLC d/b/a SUSHI OF GARI 46,        :
MASATOSHI SUGIO, JOHN DOE,          :
and JANE DOE,                     :
                                            :
                Defendants.       :
-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

     This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between plaintiffs Paulo Garcia and Alfredo Morales (hereinafter referred to as "Plaintiffs" or "Releasors"), and Sugio, LLC d/b/a Sushi of Gari 46, and each of its parent companies and any of its subsidiaries, divisions, related companies, predecessors, successors, and assigns (the "Company") (Plaintiff and the Company are referred to herein as the "Parties").

     WHEREAS, on September 13, 2017, Plaintiffs filed suit for damages titled *Paulo Garcia and Alfredo Morales, on behalf of themselves and others similarly situated v. Sugio, LLC, et al*, in the United States District Court for the Southern District of New York, Civil Action No. 17-CV-6964 (KPF) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

     WHEREAS, the Company has contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiffs' claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### A.    Consideration

1.    In exchange for the promises contained in this Agreement, the Company, in accordance with the terms herein, shall pay to Plaintiffs the total settlement amount of One Hundred Fifty Thousand Dollars ($150,000.00) (the "Settlement Sum").   Each Plaintiff shall receive his portion of the Settlement Sum in full within fourteen (14) days of the Court's approval of the Agreement and dismissal of the action with prejudice as long as said Plaintiff has submitted to counsel for the Company a completed W-4 and W-9 form. In the event that one (1) but not both of the Plaintiffs provides the Company with their completed W-4 and W-9 forms by the time the Settlement Sum becomes due, the Company is nevertheless required to issue the providing Plaintiff with his share of the Settlement Sum, as well as Plaintiffs' attorneys fees, within the time period set forth herein.   The Company shall issue the non-providing Plaintiff with his share of the Settlement Sum immediately upon receipt of his tax forms by counsel for the Company.   The Settlement Sum shall be divided among Plaintiffs and their counsel as follows:

(a)      Plaintiffs' counsel, Cilenti & Cooper, PLLC, will be paid $50,328 as payment for attorneys' fees and costs, for which Form 1099 shall be issued to Plaintiffs' counsel.

(b)      The remainder of the Settlement Sum after the payment to Plaintiffs' counsel (*i.e.*, $99,672) shall be paid to Plaintiffs as follows:

(i)      One check payable to "Paulo Garcia" in the amount of $33,888.48, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Garcia on an IRS Form W-2;

(ii)     One check payable to "Paulo Garcia" in the amount of $33,888.48, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Garcia on an IRS Form 1099;

(iii)    One check payable to "Alfredo Morales" in the amount of $15,947.52, subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Mr. Garcia on an IRS Form W-2;

(iv)     One check payable to "Alfredo Morales" in the amount of $15,947.52, as payment for alleged liquidated and other nonwage damages, which shall be reportable to Mr. Garcia on an IRS Form 1099.

2.      The settlement payment described herein shall be paid to Plaintiffs in exchange for Plaintiffs' release of their wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated

3

damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief.

**B.      Penalty For Late Payment**

In the event that the Company fails to make the settlement payment in a timely manner pursuant to Paragraph A of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: Joshua Zuckerberg, Esq., Pryor Cashman, LLP, 7 Times Square, New York, New York 10036, Facsimile (212) 798-6379, jzuckerberg@pryorcashman.com.   The Company will then have ten (10) business days from the date of receipt of such notice within which to cure the default.  If the default is not cured within such time, the entire amount shall become due and owing as of the 11th business day following receipt of said notice, together with liquidated damages in the amount of $10,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default.  Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Company and Masatoshi Sugio, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

**C.      Wage & Hour Release by Plaintiffs:**

1.      In consideration of the promises, payments and actions of the Company set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge the Company, and each of its parent companies and any of its subsidiaries,

divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Masatoshi Sugio, personally (hereinafter collectively referred to as the "Defendant Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with the Company and any other compensation or wages.

      2.     This release shall not affect or limit: (a) any non-wage and hour claims, (b) any claims that may arise after the date Plaintiffs sign this Agreement, or (c) Plaintiffs' right to enforce the terms of this Agreement.

      **D.**     **Agreement To Refrain From Filing Claims**

      Plaintiffs represent that they have not filed any other lawsuit or initiated any other proceeding against any of the Defendant Releasees, except the federal Complaint released herewith. Plaintiffs also agree not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

**E.  No Media**

The firm of Cilenti & Cooper, PLLC agrees not to disclose the terms of Plaintiffs' separation from the Defendant Releasees, the terms of this Agreement, nor the events leading up to this agreement with any media source.

**F.      Mutual Non-Disparagement**

1.      Plaintiffs agree that neither of them shall make, or encourage any other individual to make, any public or private "disparaging" comments, including but not limited to written, verbal, or electronic communications, about any of the Defendant Releasees to any individual or entity and/or to take any action, directly or indirectly, that would "disparage" any of the Defendant Releasees.

2.      Similarly, the Company shall instruct the Defendant Releasees to not make any statements, (oral, written or otherwise), or cause or encourage others to make any statements (oral, written or otherwise), that defame, disparage, demean, or in any way criticize the personal or business reputation of Plaintiffs.  The Parties acknowledge that this prohibition extends to statements (oral, written or otherwise), made to anyone, including but not limited to, the news media, investors, potential investors, competitors, vendors, employees (past, present or future), employers (past, present or future), and clients.

3.      For purposes of this Agreement, the terms "disparage" and/or "disparaging" shall mean and include but not be limited to, any statement which might adversely affect the reputation of any of the Parties, or which accuses the aforesaid individuals or entities of acting in violation of any law or governmental regulation or of condoning any such action, or otherwise acting in an unprofessional, dishonest, disreputable, improper, incompetent or negligent manner. However, this restriction shall not prohibit or constrain either Plaintiff from

6

(a) making truthful statements regarding this matter or this litigation, or (b) enforcing his rights or remedies under this Agreement.

### G.    Non-Solicitation

The Plaintiffs agree that neither one will directly or indirectly solicit or assist others in soliciting any individual for purposes of bringing any claim or action against any of the Defendant Releasees.

### H.    Return of Property

To the extent any written materials, records and documents that belong to or are proprietary to the Defendant Releasees and that came into the possession of either Plaintiff during his employment by the any of the Defendant Releasees, and which are knowingly in Plaintiffs' possession, shall be immediately delivered to the Company, via their counsel.

### I.    Judicial Review/Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.    The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

### J.    Representations and Acknowledgements

1.    Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Company.  Plaintiffs further represent that:

2.    They have reviewed each and every provision of this Agreement;

7

3.    The Agreement has been explained to them by their attorneys;

4.    That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,

5.    They do in fact fully understand this Agreement, including the release of claims.

6.    Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

7.    Plaintiffs also represent that their attorneys had this Agreement translated to them in Spanish – Plaintiffs' primary language.

8.    Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

**K.    Non-Admissions**

1.    Plaintiffs agree that Company is entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.  Plaintiffs understand that by entering into this Agreement, none of the Defendant Releasees acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that any of the Defendant Releasees engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.      Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of any Defendant Releasees of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of any Defendant Releasee that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

L.      **Attorneys' Fees**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. However, each Plaintiff acknowledges that the Company has entered into this Agreement based, in part, on each Plaintiff's agreement to comply with the terms of this Agreement, which are an integral and essential part of this Agreement. If either Plaintiff breaks the promises set forth in this Agreement, including but not limited to, those contained in Paragraphs C (Release), D (Refrain from Filing Claim), F (Non-Disparagement), G (Non Solicitation), such a breach will be considered a material breach of the Agreement. In addition, if either Plaintiff is proven as a matter of law to have breached such provisions, the Company shall have the right to injunctive relief as well any other remedy at law for any alleged damage caused as result of said breach.

**M.** **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

**N.** **Additional Terms**

1.     This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State.  The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2.     The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.     Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.     This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties.  This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Paulo Garcia

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF NEW YORK   )

On the _18th_ day of June 2018, before me personally came Paulo Garcia to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this _18th_
day of June 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

11

By: _____
Alfredo Morales

STATE OF NEW YORK       )
                        )ss.:
COUNTY OF NEW YORK   )

On the _18_ day of June 2018, before me personally came Alfredo Morales to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this _18_
day of June 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

12

[This Page Intentionally Left Blank]

By: _____
Masatoshi Sugio

STATE OF NEW YORK          )
                                               )ss.:
COUNTY OF NEW YORK   )

On the 16th day of June 2018, before me personally came Masatoshi Sugio to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 16th
day of June 2018

_____
Notary Public

```
KUMIKO YAMASAKI
Notary Public, State of New York
Registration #01YA6321429
Qualified in New York County
Commission Expires March 16, 2019
```

Sugio, LLC

By: _____

MASATOSHI SUGIO, CEO
[Print Name and Title]